Filed 10/7/16  P. v. Wilson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

    v.

CHRISTOPHER ALAN WILSON,

    Defendant and Appellant.

F071034

(Super. Ct. No. 1427666)

**OPINION**

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Joseph R. Distaso, Judge.

Lindsay Sweet, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Christopher Allan Wilson appeals from the denial of his petition for resentencing under Penal Code section 1170.18 seeking modification of the sentence imposed on his prior conviction for unlawfully driving or taking a vehicle (Veh. Code, § 10851). Appellant contends that his conviction under Vehicle Code section 10851 is eligible for resentencing under Proposition 47 and that the denial of his request violates principles of equal protection. For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2011, appellant pled nolo contendere to unlawfully driving or taking a vehicle under Vehicle Code section 10851. The prosecutor explained the factual basis for the plea as follows: "on January 6, 2011, in Modesto and Stanislaus County, the defendant stole a 1991 grey Honda Accord, with intent to deprive the said owner of title to and possession of said vehicle." Along with this charge, appellant was facing multiple additional charges and probation violations in copending cases. Appellant received a total sentence of three years four months for the Vehicle Code charge, which was suspended pending successful completion of a five-year probation term.

Appellant admitted to violating his probation on January 7, 2014, and again on August 22, 2014. As a result, appellant was sentenced in line with his previously suspended sentence for the Vehicle Code violation, as well as for his other prior matters.

On December 29, 2014, appellant petitioned for resentencing under Proposition 47 on his 2011 Vehicle Code conviction. Appellant filed a brief supporting the petition, but did not include any evidence regarding the value of the 1991 Honda Accord. The trial court denied appellant's petition, concluding that, although appellant was charged with auto theft under Vehicle Code section 10851, Proposition 47 did not "specifically list any Vehicle Code section" and including Vehicle Code section 10851 within the ambit of Proposition 47 would lead to absurd results by punishing joyriding more harshly than theft.

This appeal timely followed.

## DISCUSSION

Appellant argues that rules of statutory interpretation and the clear legislative intent behind Proposition 47 shows that Vehicle Code section 10851 is eligible for resentencing under Penal Code sections 1170.18 and 490.2.  In addition, appellant argues that treating a conviction for theft of an automobile under Vehicle Code section 10851 as a felony while other similar property thefts are treated as misdemeanors under Penal Code section 490.2 violates equal protection principles.  We have previously addressed both issues in a general fashion in *People v. Sauceda* (2016) ___ Cal.App.5th ___ [2016 Cal.App. Lexis 792] (*Sauceda*).  In *Sauceda*, we held that Vehicle Code section 10851 is not affected by the changes enacted through Proposition 47 and that no equal protection violation arises from the different potential punishments for, or the failure to grant retroactive sentencing relief to, those convicted under Vehicle Code section 10851. (*Sauceda*, *supra*, at p. ___ [p. 30].)  We see no reason to depart from those rulings here.

With respect to his eligibility for resentencing under Proposition 47, appellant contends that his prior conviction was necessary for the theft offense contained within Vehicle Code section 10851 and, thus, he should be eligible for resentencing.  We do not agree.  As explained in *Sauceda*, a conviction under Vehicle Code section 10851 does not require an explicit determination of intent to steal.  (*Sauceda*, *supra*, ___ Cal.App.5th at p. ___ [2016 Cal.App. Lexis 792, 10–11, 13].)  Thus, evidence of theft is unnecessary to satisfy the elements needed for conviction.  The fact that, in some limited circumstances, Vehicle Code section 10851 can serve as a lesser included offense to theft of an automobile (whether grand or petty theft under Proposition 47), does not change the fact that the ultimate conviction is not necessarily for a theft offense.  Because Vehicle Code section 10851 is not by its nature a theft offense, its exclusion from Proposition 47 confirms there was no intent to modify the punishment scheme separately set forth for the crime of unlawfully driving or taking a vehicle.

3.

With respect to appellant's equal protection argument, appellant contends that strict scrutiny applies because "uniformity in the sentencing of similarly situated offenders encompasses the right to liberty, and is therefore a fundamental interest." We disagree. The California Supreme Court has rejected this argument and the case appellant cites in support, explaining: "We do not read [*People v.*] *Olivas* [(1976) 17 Cal.3d 236] as requiring the courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) As in *Wilkinson*, we find the contention here, that separate punishment schemes violate equal protection principles, is subject to a rational basis review. Under that standard, as we held in *Sauceda*, there is no equal protection violation. (*Sauceda*, *supra*, ___ Cal.App.5th at p. ___ [2016 Cal.App. Lexis 792, 30–31, fn. 5].)

## DISPOSITION

The judgment is affirmed.